IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NICHOL YVONNE LEE,          :
    Petitioner,         :    CIVIL ACTION
                        :
    v.                  :
                        :
DAWN CHAMBERLAND, et al.,   :
    Respondents         :    NO. 07-1101
                        :

<u>ORDER</u>

    AND NOW, this 12th day of June, 2007, upon careful and independent consideration of the Petition for Writ of Habeas Corpus and the respondents' Answer, and after review of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter and the petitioner's objections to the Report and Recommendation, IT IS HEREBY ORDERED that:

    1.   The petitioner's objections are OVERRULED;

    2.   The Report and Recommendation is APPROVED and ADOPTED, with additional comments below;

    3.   The Petition for Writ of Habeas Corpus is DENIED AND DISMISSED with prejudice;

    4.   There is no basis for the issuance of a certificate of appealability;

    5.   The Clerk of Court shall mark this case closed for statistical purposes.

    For the reasons set forth in the Report and Recommendation, the petitioner's claims are procedurally

defaulted.  Ordinarily, a federal court will not entertain a procedurally defaulted claim in a petition for habeas corpus.  Hubbard v. Pinchak, 378 F.3d 333, 338 (3d Cir. 2004).  There are exceptions to this rule, however.  Where a petitioner can show "cause and prejudice" for the procedural default, or where a "miscarriage of justice" would occur absent review, consideration of the defaulted claim is permitted.  Id.  An allegation of actual innocence, if credible, is one such miscarriage of justice.  Id.

In this case, the petitioner seeks to overcome the procedural default bar on the ground that she is innocent of the crimes to which she pled guilty.  To fall within the "miscarriage of justice" exception, she must show that it is more likely than not that no reasonable juror would have convicted her in light of the new evidence presented in the habeas petition.  Id. at 339.  Such "new, reliable evidence" can take the form of scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial.  Schlup v. Delo, 513 U.S. 298, 324 (1995).

The petitioner argues that her claims of actual innocence are supported by the transcripts of the hearings at which she pled guilty and was sentenced.  She claims that the prosecutor's recitation of the facts of her case, and her own statements to the sentencing court, reveal that she was not guilty of the robbery because she was only a co-conspirator and

did not perform the robberies herself.  Ans. of Resp. at Appendix N (hearing of Jan. 18 at 4-9, hearing of Mar. 16 at 14-15).  These statements are not evidence of innocence.  Under Pennsylvania law, each member of a conspiracy is criminally responsible for the acts of her co-conspirators committed in furtherance of the conspiracy.  <u>Commonwealth v. Ruiz</u>, 819 A.2d 92, 98 (Pa. Super. Ct. 2003).  The petitioner does not allege, much less furnish new evidence suggesting, that the robberies were not committed in furtherance of the conspiracy.

BY THE COURT:


<u>/s/ Mary A. McLaughlin</u>
Mary A. McLaughlin, J.